FILED

2014 MAY 21 PM 5:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE ARBORS AT CALIFORNIA OAKS PROPERTY OWNERS LLC,

    Plaintiff,

vs.

TONYA HARRIGAN, et al.,

    Defendants.

Case No. ED CV 14-978-UA (DUTYx)

ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On May 15, 2014, 2014, defendant Tonya Harrigan, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

| | |
|---|---|
| 1 | diversity or federal question jurisdiction, and therefore removal is improper. 28 |
| 2 | U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, |
| 3 | 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted |
| 4 | federal question jurisdiction as her basis for removal, but the unlawful detainer |
| 5 | action to be removed does not actually raise any federal legal question. *See* 28 |
| 6 | U.S.C. §§ 1331, 1441; *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. |
| 7 | 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) ("the question for removal |
| 8 | jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'"). |
| 9 | Defendant argues the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 |
| 10 | ("PTFA") applies and raises a federal question in the unlawful detainer action; |
| 11 | however, "[a] defense that raises a federal question is inadequate to confer federal |
| 12 | jurisdiction." *Merrell Dow*, 478 U.S. at 808. Further, the Ninth Circuit has held |
| 13 | that the PTFA does not create a private right of action that would allow a tenant to |
| 14 | enforce its requirements in federal court. *Logan v. U.S. Bank Nat'l Ass'n*, 722 |
| 15 | F.3d 1163, 1169-73 (9th Cir. 2013). |
| 16 | Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the |
| 17 | Superior Court of California, Riverside County, 41002 County Center Drive #100, |
| 18 | Temecula, CA 92591, for lack of subject matter jurisdiction pursuant to 28 U.S.C. |
| 19 | § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; |
| 20 | and (3) that the Clerk serve copies of this Order on the parties. |

DATED: 5/20/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

Sheri Pym
United States Magistrate Judge